## EDWARD A. WILLIAMS v. JAMES A. EDWARDS.

A promise in writing, to pay money, for value received, will sustain an action, without alleging the particular consideration of the promise.

See this case as to the diligence to obtain the attendance of a witness who resides in the county, necessary where a continuance is moved on account of the absence of such witness; also as to absence of a party, on account of sickness in his family.

Appeal from Fayette. Suit by the appellee against the appellant, on the following instrument, a copy of which was given in the petition:

On or before the first day of January next, I promise to James A. Edwards the sum of $1000 (one thousand dollars) for value received of him, with ten per cent. interest from date, this May 16, 1854.

ED. A. WILLIAMS.

It was denominated a promissory note, in the petition, and the consideration was not stated, except that it was executed and delivered for a valuable consideration.

There was a demurrer; general denial; and special plea to the effect that the plaintiff had induced the defendant to purchase a slave from him, for which he gave said note, upon the express agreement that as long as he paid the interest, for the period of five years at least, the principal should not be exacted; and a further plea to the effect that the plaintiff had subsequently agreed to extend the time, until it should be convenient for the defendant to pay, as much as five years. Payment of the interest was not alleged—nor was any consideration alleged for the subsequent promise to extend the time of payment.

When the cause was called for trial, at the first Term, the

defendant's attorney moved a continnance, and made affidavit,

That he was informed by the said defendant that he could not go safely to trial in said cause, for want of testimony material to his defence, to-wit: the testimony of William Murphy, a citizen of said county of Fayette; that he has used due diligence to procure his attendance, by having a subpœna issued and placed in the hands of the Sheriff of said county. Affiant was informed by the said defendant, that the said witness was present at the time of the execution of the said note, and heard the promise and agreement of the plaintiff to give him the extended time for the payment of said note. Affiant was informed by the said defendant, that he had a sick child at home, and affiant believes this is the cause why the said defendant is not present at Court. Wherefore defendant prays, &c.

Jury waived, and judgment for the plaintiff.


*J. T. Harcourt*, for appellant. I. The instrument, sued on, was not a promissory note, and the consideration was not alleged. (Story, Prom. N. Sec. 14; 11 Tex. R. 575; Id. 412; 1 Chit. Pl. 292; 10 Johns. R. 418.)

II. The affidavit accounted for the absence of the defendant, which, being satisfactorily explained, is sufficient cause for a continuance. (12 Tex. R. 180.)

*A. R. Gates*, for appellee. I. The demurrer was properly overruled. (4 Shep. R. 394; 11 Tex. R. 415; Id. 572.)

II. The affidavit did not conform to the Statute. (11 Tex. R. 153; 12 Id. 186.)


HEMPHILL, CH. J. There was no error in overruling the demurrer to the petition.

Whether the instrument sued on be a promissory note or not is immaterial. It was set forth in terms in the petition, (4

Tex. R. 228; 11 Id. 415,) and if not a promissory note, it was, in substance, an unconditional agreement, for an acknowledged consideration, to pay, at a fixed time, the sum of money therein specified.

The promise by the defendant to the plaintiff, of the sum stated in the instrument, is equivalent to a promise to pay the amount.  This is the only reasonable meaning and intent of the terms ; and whether the omission of the words " to pay," leaves a doubt of the instrument being technically a promissory note or not, is not material.   The instrument, at least, is evidence of a contract ; and the admission of the consideration dispensed with the necessity of setting it forth specifically. (11 Tex. R. 415.)

Nor was there error in overruling the application for a continuance.   The affidavit was made by the attorney, stating his belief that the defendant was detained at home by the sickness of a member of his family ; that he had been informed by the defendant that he had used due diligence to procure the attendance of a material witness, by having a subpœna lodged with the Sheriff of the county.   This fact is one, of which the attorney might have informed himself by reference to the Sheriff, and should have been sworn to positively.   But such fact alone, if stated by the party himself, has been held to be insufficient, and not the diligence required by the Statute. (11 Tex. R. 155.)   The date at which the subpœna was lodged should at least be specified, that it might appear whether time had been given for service, and whether there had been in fact such diligence as is contemplated by law.

The facts, stated, not showing legal diligence, the motion for continuance was rightly refused, and the judgment is ordered to be affirmed.

Judgment affirmed.